On 21 October, 1925, and on 23 October, 1925, Pine Hall Brick Company shipped from its plant in Stokes County two car loads of brick to F. A. Hillburn at Hamlet, N.C. The bills of lading covering said shipments were sent by the shippers with draft attached to the Bank of Hamlet, marked for "collection only." Upon arrival of the brick at Hamlet, the consignee paid said drafts to the Bank of Hamlet and received bills of lading sent by the Pine Hall Brick Company. The Bank of Hamlet deposited the amount in its general fund, and through its assistant cashier issued to Pine Hall Brick Company checks for the amount of said drafts. One of these checks was drawn on the American Trust Company of Charlotte, and the other on the American National Bank of Richmond, and at the time the cashier of the Bank of Hamlet issued said checks to the Pine Hall Brick Company, the Bank of Hamlet had sufficient deposit to its credit in the banks upon which said checks were drawn to pay said checks. The Pine Hall Brick Company deposited said checks for collection, and before collection could be made, the Bank of Hamlet was placed in the hands of a receiver. The Pine Hall Brick Company filed a claim with the receiver, claiming a preference by reason of the fact that the item was sent to the Bank of Hamlet for "collection only," and title to said fund therefore did not pass to the bank.
The trial judge rendered the following judgment:
"This cause coming on to be heard before the undersigned judge holding the courts of the Thirteenth Judicial District, this, the June Term, 1926, of the Superior Court of Richmond County, upon motion in the cause made by Pine Hall Brick Company, demanding priority of it claim against the Bank of Hamlet, Page Trust Company, and S. O. Bauersfeld, receivers, and being heard upon an agreed statement of facts as appears of record, and after argument of counsel for both plaintiff and defendant, the Court, relying upon the authority of the *Page 824 Corporation Commission v. Bank, 137 N.C. 697, is of opinion that the claim of the plaintiff is not entitled to a preference over general creditors of the Bank of Hamlet:
It is, therefore, considered, ordered and adjudged that the defendants pay said claim pro rata with the other claims of general creditors of the Bank of Hamlet."
The judgment of the court was correct. The case of CorporationCommission v. Bank, 137 N.C. 697, is decisive of all questions presented by this record. The judgment is
Affirmed.